IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 6:24-cv-365-IM <br><br> **OPINION AND ORDER AFFIRMING THE DENIAL OF PLAINTIFF'S APPLICATION** |

John E. Haapala, Jr., 401 E. 10th Ave., Suite 240, Eugene, OR 97401. Attorney for Plaintiff.

Kevin Danielson, Assistant U.S. Attorney, and Natalie K. Wight, U.S. Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; and Joana Gretz, Special Assistant U.S. Attorney, Office of the General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Daniel L. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying him benefits. For the reasons stated below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

PAGE 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On March 31, 2021, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability beginning June 1, 2020. AR 24. The Social Security Administration ("SSA") denied his application initially and upon reconsideration. AR 156–60, 168–72. On March 2, 2023, Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Robert F. Spaulding. AR 39–79. On April 18, 2023, the ALJ issued a decision finding that Plaintiff had not been under a disability from the alleged onset date through the date last insured, March 31, 2021. AR 33. Plaintiff requested review of the decision, which the Appeals Council denied. AR 1–7. This appeal followed.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between the amended alleged onset date of June 1, 2020, through the date last insured, March 31, 2021. AR 27. At step two, the ALJ found that Plaintiff had the following severe impairments: Type I diabetes mellitus with diabetic retinopathy and mild central vision loss due to vitreous hemorrhage in 2017 and retinal detachment in the left eye. AR 27. At step three, the ALJ found no impairment or combination of impairments that met or medically equaled the severity of any impairment listed in Appendix I to Subpart P of Part 404 of Title 20, Code of Federal Regulations. AR 29. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff can perform a full range of work at all exertional levels as defined in 20 C.F.R. § 404.1567(c), with the following additional non-exertional limitations:

> [H]e is limited to reading normal print. He can occasionally work
> with small objects. He must avoid exposure to hazards requiring
> fine depth perception and other hazards such as unprotected
> heights and moving mechanical parts, but he is able to avoid
> ordinary hazards in the workplace such as doors ajar and small

PAGE 2 – OPINION AND ORDER

> boxes on the floor but not smaller objects. He can never engage in commercial driving.

AR 29 (emphasis omitted).

At step four, the ALJ found that Plaintiff was able to perform past relevant work as a call center operator. AR 32. Alternatively, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as mail clerk and office helper. AR 33. The ALJ therefore found Plaintiff not disabled. AR 33.

## STANDARD OF REVIEW

The district court must uphold the Commissioner's decision if it is supported by substantial evidence and based on the proper legal standards. 42 U.S.C. § 405(g); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation," the ALJ's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises just one issue with the ALJ's decision. He argues the ALJ erred by failing to adequately weigh the medical opinion of Dr. Peter A. Karth. This Court concludes that the ALJ reasonably discounted Dr. Karth's opinion.

For disability claims filed on or after March 27, 2017, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 404.1520c(a). The 2017 regulations eliminated the hierarchy of medical opinions and state that the agency does

not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The [2017] social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the 2017 regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(b)(2). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2)–(3). The regulations further require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(b).

Dr. Peter A. Karth, M.D., a specialist in treating retina and vitreous disease at Oregon Eye Consultants, has treated Plaintiff since July of 2017 for diabetic proliferative retinopathy. AR 706. Dr. Karth completed a three-question form on March 16, 2023 in connection with Plaintiff's disability claim, where he checked off that Plaintiff could reliably read medium and large size print in the workplace and could reliably handle large objects in the workplace. AR

2196. When asked if Plaintiff could perform jobs requiring exposure to hazards or depth perception, Dr. Karth wrote "Hazards: Yes," and "Moderate/Fine Depth Perception: No." AR 2196. The ALJ found this opinion "unpersuasive for the adjudicative period." AR 31–32. The ALJ noted that the opinion significantly postdates the relevant period and does not even "conclude[] the claimant's health problems would preclude regular employment." AR 31.

       The ALJ properly weighed the medical opinion evidence because he sufficiently addressed the supportability and consistency of Dr. Karth's opinion. The ALJ's analysis addressed both factors, even though he did not use those specific words.

       As to supportability, the ALJ noted that Dr. Karth's opinion was not relevant because it postdated the relevant period. AR 31–32. Medical opinions that predate the alleged onset date or postdate the date last insured are of limited relevance unless they specifically refer to the period under review. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The ALJ questioned what period Dr. Karth's opinion related to, stating: "the physician may be referring to the claimant's current capabilities." AR 31. This was a reasonable conclusion considering the opinion was dated March 2023, almost two years after the date last insured, and nowhere stated that it referred to the appropriate period.

       Plaintiff points to various treatment notes from Dr. Karth elsewhere in the record, including several that are dated outside the adjudicative period. *See* Plaintiff's Opening Brief, ECF 11 at 4. The only treatment note from the relevant period is from January 2021, when "Plaintiff reported decreased vision in his right eye and blindness in his left eye." *Id.* (citing AR 632). But this note lacks explanation and objective medical evidence to support it.

       Plaintiff also points to an eye acuity test result showing 20/100+ in the right eye and 20/200 in the left eye. *Id.* (citing AR 634, 646). The ALJ discussed this evidence, noting that

PAGE 5 – OPINION AND ORDER

Plaintiff's vision in the right eye was correctible to 20/30—essentially normal—with prescription lenses. AR 31 (citing 634). In doing so, the ALJ sufficiently considered the supportability of Dr. Karth's medical opinion.

As to consistency, the ALJ reasonably considered the other medical opinions in the record, which were inconsistent with Dr. Karth's opinion on vision limitations. The ALJ reasonably highlighted several aspects of the record that were inconsistent with Dr. Karth's opinion. For example, the ALJ credited State Agency medical consultant Dr. Maurice James's opinion that Plaintiff could reasonably read normal print and work with small objects on an occasional basis. AR 31. Thus, the ALJ reasonably considered the consistency of Dr. Karth's opinion with the medical record as a whole.

## CONCLUSION

For the reasons given above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

**IT IS SO ORDERED**.

DATED this 28th day of January, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – OPINION AND ORDER